And I want to thank you for your service under the Criminal Justice Act. The court always appreciates that. Thank you, Your Honor, for the opportunity to argue before you today. You may proceed. Thank you, Your Honor. Thank you to the Justices of the Eighth Circuit. When I was a kid, I lived in Missouri by a lake. My uncle took us fishing. Of course, I had to get a fishing license to go fishing. Occasionally, I would go visit my older brother in Colorado to go fishing at the rivers out there. He liked to go fly fishing. And I knew I had to get a fishing license out in Colorado. Much like the State of Missouri could not give me a license to go fishing in Colorado, the Magistrate Judge in the Northern District of Iowa could not license a fishing expedition at my client's house in the State of Nebraska. And that's what happened in the case before us. We're here today because jurisdiction... I'll just tell you that as Chief Judge, I designated a lot of magistrates without permission under this statute for getting signed up. So there are a lot of them lurking out there without this statutory authority. That may be so, Your Honor. And unfortunately, we believe that the statutory authority matters. In this case, as we presented to the Magistrate Judge in Nebraska, as well as the District Judge, we have before us a cross-designation between the Southern District of Iowa and Nebraska where this authority was ratified under the statute. If this case had occurred with the Magistrate Judge over the river in Council Bluffs authorizing a search in Omaha, there wouldn't be a problem because the public order was given down that showed a concurrence of the judges said that Magistrate Judges in the Southern District and Nebraska had that cross-designation. In this case, the elements under the statute 28 U.S.C. 631 were not met. The Magistrate Judge was designated, Magistrate Judge Strand, who's now a District Judge up there. However, the other elements of the statute were not met. There's no concurrence by the majority of the judges in the Northern District of Iowa. Okay, that's a given, but here we're talking about probably whether there was a good faith by the officer, which you correct me if I'm wrong, but the rule by the Supreme Court for not to regulate Magistrate Judges, so why does the Leon good faith rule not save this? Judge, because the Leon good faith rule is not, well, there's exceptions to the rule, of course. The Supreme Court laid down the different exceptions to the rule. There's two different exceptions that we cite in our brief that we would point to. The first is that the Magistrate Judge in this case abandoned the judicial role. Now, I know that the government will argue, and they did argue in their brief, that really that can only occur if the Magistrate Judge acts as a police officer under their robe. But, I mean, even in the Long case that the government cited came up with other instances where the Magistrate Judge can abandon their judicial role, such as in the case cited by Long, the Decker case from the 8th Circuit, when a judge doesn't follow proper procedures, that can be abandoning their judicial role. Again, that also assumes that the Magistrate Judge had that judicial role in the first place. The second exception of Leon . . . I do not see you alleging that the Magistrate Judge Strand abandoned, who's now a District Attorney. You're just saying he didn't have authority. Does that make a difference? I believe it does, Judge, because the abandoning of the judicial role assumes that there's that judicial role in the first place. If there's no authority, then it completely blows away the abandoning the judicial role in the first place. The second exception we're citing from Leon is that the warrant was so deficient and probable cause no reasonable officer could believe it. The officer in this case who executed the search, as well as presented the warrant, I believe it was Officer Schmidt. If you look at the warrant, the warrant was deficient and probable cause for a few reasons we'll get into, but looking at the warrant, that warrant was oversold. It was a pretty big sales job of the 32-page affidavit. Looking at the probable cause . . . To have enough knowledge to know that this was not a legitimate warrant, and yet you have a, at least in the Northern District of Iowa, a Magistrate Judge with authority, and then you have Judge Talken here in Nebraska reviewing it and saying, yeah, I think it's okay. How can we put an officer and say, well, an officer should have looked at that warrant and said that this was an improper warrant, or to study the law to determine that the Magistrate did not have authority? Yes, Your Honor. This is not the first case we've had where multiple judges review a warrant, find it's okay, and then the Court of Appeals says it's not okay. That's not a novel issue. The Heron case, I believe we cited two, comes up with a warrant where it was lacking a probable cause and judges signed off on it up until we went to the Court of Appeals. Warrants can be deficient and then be reviewed by a court later on and find it's not sufficient with probable cause. That's why we have de novo review of legal conclusions. In this case, again... Well, let me ask you this. As a matter of, as far as I can tell, first instance, if we ruled that yes, this was, the Magistrate did not have authority and set the law on the Eighth Circuit and say, okay, you now have to follow the statutes, all the districts have to do this correctly. In the future, there would be precedent for an officer to do it, but at this stage, being the, and I commend you or whoever came up with the research to find this out. It was very well done that you had looked into this, but in the first instance, to find a warrant from a law enforcement perspective as, as far as I can tell, that not valid or unauthorized by law. That's, that's what's bothering me. Yes, Your Honor. It is quite a large remedy, as courts have noted, excluding evidence. However, this is a fundamental issue in that we have a judge who did not have authority to grant the warrant. Now, the Constitution doesn't say in the Fourth Amendment that we have to have a judicial officer issue that warrant. That's not in the Fourth Amendment. It does say that a warrant has to be issued on probable cause. However, we do have a requirement in this country and in all the jurisdictions that a competent judicial officer... It doesn't say by an authorized Magistrate or law enforcement, but... No, Your Honor. It doesn't say that. However... By precedence. Correct, Your Honor. And it has to be issued under probable cause. I mean, we, we have a legal definition of probable cause where it's done by common sense. It's not done by hyper-technical legal jargon. So, why don't we just have people off the street issuing warrants? Because it's assumed in this country that only a competent judicial officer can issue these warrants. I'm not saying Magistrate Judge was... Well you say this, this Magistrate Judge didn't have authority to issue warrants just as a law. He could have issued any kind of a warrant. It's your, your, this is a technicality that you raise that he, he was authorized to issue warrants just not here because the designation was a little bit flawed. Isn't that right? Judge, I, I agree with you that Magistrate Judge Strand did have the authority to issue warrants. I agree that this is a technicality. Other courts have found the 41B violation can be a fundamental or constitutional violation. That's from the Michaud case the government cited. It's from the Brokos case that we cited in our brief out of the Seventh Circuit. Well, let's, let's assume that then we get down to Leon, don't we? Yes, Your Honor. I mean, assuming there's a violation, then we get to Leon. And again, we're arguing that two of the Leon exceptions apply. The one I already talked about, the Magistrate abandoning their judicial role. The second is... How did he abandon his judicial role in, in the context of this thing? He, his judicial role in Iowa was, if he had done this in Iowa, this had been perfectly good. No technicality. How did he abandon his judicial role? I, you're losing me on that. Yes, Your Honor. The Magistrate Judge Strand, again, let's say he was sitting in the Southern District in Council Bluffs. Part of his judicial role could have been to issue warrants just across the river here in Omaha. However, his judicial role up in Sioux City in the Northern District was limited to that district because there's no cross-designation made under the statute. Well, he didn't know, he didn't know that all the I's hadn't been dotted and the T's crossed because most of it was performed to let him do this in this, it was an area that hardly know which state you're in and so forth. So I'm, yeah, these are probably wrongly, but by statute, but it's typical for cross-designation. The Magistrate's just from Chief District Judge to Chief District Judge, does not have... Pottawatomie, Pottawatomie County and Douglas County is an example of it. And as you say, the Magistrate in Pottawatomie County, Federal Magistrate, can issue warrants for here. It was just that they didn't get the paperwork quite in order. So it seems to me we're getting back to Leon. Yes, you are. And I understand that, you know, part of it may be that the paperwork didn't get an order up in the Northern District and the District of Nebraska, but that's again an assumption. I mean, we have paperwork that was in order in Nebraska and the Southern District of Iowa. And so we're assuming then that... How was that in order? What was the difference? In that case, Your Honor, the Chief Judge Smithcamp and the Chief Judge of the Southern District of Iowa acknowledged in a public order that the statute was complied with and this was done, the cross-designation was done correctly. It ratified what was done at the Judicial Conference. Well, I don't know, but I would suggest that they didn't have a vote of all the judges. Again, Your Honor... It's just done from Chief Judge to Chief Judge is an administrative policy. That's right. Again, I understand that, but in the record before us, we have paperwork that was done correctly between the Southern District of Nebraska. And so now we're making the assumption that... Well, I'm not sure that your example was done correctly. It says you have to have the permission of all of the judges and Judge Smithcamp's order didn't say that. She just said we've complied with the law, as I understand it. That's right. And again, certainly that's the assumption we're making. However, more steps were taken between the Southern District of Iowa and the District of Nebraska. So again, we're making that assumption that Judge Smithcamp either forgot about doing it with the Northern District of Iowa or for some reason, they didn't ratify the Judicial Conference from a... So technically, the Iowa magistrate couldn't issue the warrant under your argument? The Northern District one could not. The Southern District one could, Your Honor, because those steps were correctly taken. Well, but if somebody did discovery and found out that it was just Chief Judge to Chief Judge and they didn't have a vote of all the judges in each district, then the magistrates in Iowa and Nebraska would not have authority. Is that your argument? That could be true, Your Honor. That could be true. And then in that case, they probably should do the... No one would understand any of that. I assume, and I think rightfully so, that officers submitted it to Judge Strand and Judge Strand... Yes, Your Honor. Again, that goes back... Who he understood had, as I think the record says, he understood that Judge Strand was cross-designated to Nebraska. And the officers certainly said that and I commend the officer for knowing that legal term that I didn't know until I took this case. But again, I think it goes back to the warrant lacking probable cause. I guess it's really, it may be a question of how, you know, we say it's a technicality that this wasn't done, but how far do we go? If there wasn't an order between the Chief Judges, would that be enough to cause a problem? Or if there wasn't a designation from the Chief Judge, would that be enough? So I see that there is, I see your point and I think there is some, it does raise some concerns about how, where do we draw the line as far as what becomes, what is a technicality and what is simply a lack of authority. Yes, Your Honor. And we believe, again, it's not a technicality, it's a substantive right that's at issue. It's a substantive problem under the statute or under the rule. I was a Federal District Judge, I was a Federal District Judge for six years and I issued dozens of warrants. And I have to tell you, I never, that I can remember, had a 32-page affidavit as complete as this one ever presented to me. So Leon still jumps out at me on this thing. Yes, Your Honor. And I see my time's up. May I have time to respond to your question? Certainly. Go ahead. Thank you. Again, looking at the probable cause affidavit in this case, again, it's 32 pages, it's a long affidavit, but if you look at the affidavit, it's replete with references to Codefendant Gonzalez, references to Codefendant Oriana, and then some references to Mr. Ortiz, the defendant in this case. A lot of the affidavit is conclusory statements such as, we strongly believe, I'm looking at page 18 of the affidavit that references a November 12, 2013 buy. This has call activity, a lot of call activity, and buy between, buy activity between Gonzalez and the agent, and then Gonzalez and Oriana. And then after this it says... I think this is all in your brief. Yes, Your Honor. I just, I guess my point is the agents, when they put things like there's no further calls, when there wasn't any calls in the first place between Ortiz and Oriana, or when they put things like, we believe, based on toll data, calling patterns and subject interviews on page 9 of the affidavit, when there were no subject interviews referenced before that in the affidavit, again, it's one of those things that looks more like a sales job than a probable cause affidavit. Okay. Your time has expired. I do want, you got a lot of questions, but I do want to commend you for finding, finding this chink in our armor that we're, we're not following the law because apparently we're not, and we should. So whatever the result here, whatever the result here is, you've done a service to, to the court anyway. Thank you, Your Honor. Thank you, Mr. Roth. Morning, Ms. Bunger. Morning. May it please the court. I'm going to stand by the district court's ruling and request this court to uphold it. However, I'm going to kind of play a worst case scenario and say to this court, what if we say that 28-631, the requirements were not met in one way or another or a couple ways. We then do go to a Rule 41B violation. And I'm going to refer to what I will call as the Welch analysis that Judge Beam wrote and Mr. Riley, or Judge Riley, excuse me, was on the . . . Mr. Riley sued. I heard that. Congratulations. We're on that decision, and this was a District of Nebraska case where a Rule 40 violation happened, 41 violation happened on the 30-day extension of not giving notice. And so what the court did under its 41B analysis is said, we have to look at the two matters. Is there prejudice or was there reckless disregard? And I think that's what happens in this case. If there was a violation of the 631A statute, was there any prejudice? Because the warrant could have been signed by another judge or if another piece of paperwork, the warrant would have been signed, so there would be no prejudice to the appellant. We then now look at if the reckless disregard. And in this case, we do have unique facts for the law enforcement officers to show that there was no reckless disregard. We have a He used Nebraska search warrant paperwork. He went and got a Nebraska magistrate number in order to execute the search warrant. And law enforcement themselves were made aware of him being cross-designated and doing so in the past. So it's the position of the government that even if there is a violation, that under this statute, there couldn't be suppression based on the objective reasonability that these officers acted in good faith in still executing this warrant. In addition, I haven't looked at that case recently, but is that a case where the magistrate did not have, was not vested with the statutory authority to act? No, it's a case just on Rule 41B violation of I mean, most of the Leon cases, don't they have to do with some kind of either the affidavit is determined not to be sufficient or there's a problem with the Or technicality errors Right Correct Do you have a case where the judge simply does not have the statutory authority to act in that capacity? We do not. And I think that's where So I'm wondering, you know, the only way that the judge here, the magistrate judge has this authority is by virtue of the statute. And where do we draw the line if the statute is not complied with? Do we simply say, well, it was almost complied with, so that's enough? What do you think about that? What if there had been no order from the district, from the chief judges? Would that be where we draw the line? Or if there had not been an order from the judicial conference, would that be where we draw the line to the defect? Again, I think it's the position that it almost doesn't matter what the defect. At the end of this, it's what the officers reasonably believed. And with the judge portraying himself the type of warrant that they were doing, his cross-designation ability, it still goes back to that they acted in good faith. And so that even if the designation was wrong What if the individual that signs the warrant is not actually a judge, but has portrayed himself as a judge? Would Leon still apply? Depending on some of the other factors, yes, because it would be what the officers were made aware of. If they believed him to be a judge, he portrayed himself to be a judge, then it's their understanding and reasonability that I think this court must assess. So you're saying that this court could find that Judge Strand was not authorized to issue the warrant and let the whole circuit know that probably our magistrates are not properly cross-designated, but still rely on Leon? Correct. To say that this is from the perspective of the officer in the Supreme Court, has suppression rules are to punish law enforcement, not to punish judges? Correct. And obviously, I don't want the court, I want the court to follow that this wasn't a violation. I was just going to worst case scenario that even if that would be the case, that Leon would still remain prevalent. I don't know how it's not a violation. We don't have that situation here. Judge Strand was authorized to issue warrants, just . . . In Iowa? Yeah. His cross-designation. In fact, is in South Dakota too, I believe, Iowa and South Dakota, and it was only . . . the argument is that only the Nebraska district judges hadn't signed on to it. For our record, yes, we don't have any information about South Dakota, but that's irrelevant, but that the ratifying letter did not occur between the Northern District of Iowa and Nebraska. Well, I think our research was that he was authorized in both of those states. And I think Exhibit 1 . . . There has to be concurrence. The district judges in both districts have to concur, don't they? Under the statute, yes. Under the statute, yeah. And do you . . . does the government concede that that didn't take place? That concurrence in writing did not take place. I think what happened is the letter of Exhibit 1, under the belief of those districts, took place that he was cross-designated, and they continued to act as though he was cross-designated. I assumed you tried to find some evidence that the judges of Nebraska, Federal Judges of Nebraska, and Article III judges of Nebraska and Iowa, Northern District of Iowa, had voted on it. There was no such. Okay. Does it have to be . . . does concurrence have to be in writing under the statute as you divine the statute? No. Just a telephone call, does it? I think it just says a concurrence, and it doesn't indicate what, if, how. Okay. Well, thank you, Your Honors. Well, we wish you all the best with your surgery. Thank you. And thanks for coming in ahead of time. Mr. Roth, I think we understand your argument. We appreciate it, and I do compliment you on finding this. It was a brilliant law clerk that found it, Judge. Well, thank your brilliant law clerk for trying to get us on track here in the court. So, we appreciate it. We'll take it under advisement and be back to you in due course. Thank you.